1  KAREN JOHNSON-MCKEWAN (SBN 121570)
   kjohnsonmckewan@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
3  405 Howard Street
   San Francisco, CA 94105-2669
4  Telephone:  +1-415-773-5700
   Facsimile:  +1-415-773-5759
5
   CHRISTOPHER P. BRODERICK (SBN 180254)
6  cbroderick@orrick.com
   777 South Figueroa Street
7  Suite 3200
   Los Angeles, CA 90017-5855
8  Telephone:  +1-213-629-2020
   Facsimile:  +1-213-612-2499
9
   CHRISTINA VON DER AHE (SBN 255467)
10 cvonderahe@orrick.com
   WILL MELEHANI (SBN 285916)
11 wmelehani@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
12 2050 Main Street
   Suite 1100
13 Irvine, California  92614-8255
   Telephone:  +1-949-567-6700
14 Facsimile:  +1-949-567-6710

15 Attorneys for Plaintiff
   Jimmy Styks LLC
16

17              **UNITED STATES DISTRICT COURT**

18              **CENTRAL DISTRICT OF CALIFORNIA**

19                    **SOUTHERN DIVISION**

20

21 JIMMY STYKS LLC,                    | Civil Action No.

22              Plaintiff,             | **COMPLAINT FOR PATENT INFRINGEMENT**

23        v.                           | **DEMAND FOR JURY TRIAL**

24 HOBIE CAT COMPANY, LLC and
   HOBIE SURFBOARDS, LLC,
25
              Defendants.
26

27

28

1      Plaintiff Jimmy Styks LLC ("Jimmy Styks"), by and through the undersigned

2    counsel, files this Original Complaint against Defendants Hobie Cat Company,

3    LLC and Hobie Surfboards, LLC (collectively "Defendants"), alleging as follows:

4                            **JURISDICTION AND VENUE**

5          1.      This is an action for infringement of a United States patent arising

6    under the Patent Act, 35 U.S.C. § 271 et seq.

7          2.      Subject matter jurisdiction is proper in this Court pursuant to 28

8    U.S.C. §§ 1331 and 1338.

9          3.      Venue is proper within this judicial district under 28 U.S.C. §§

10   1391(b), (c) and 1400(b) because Defendants have offices in this district, the

11   Defendants sell and distribute infringing products within this district, Defendants

12   are subject to personal jurisdiction here, and/or Defendants conduct substantial

13   business within this district, directly or through intermediaries.

14                              **THE PARTIES**

15         4.      Jimmy Styks is a California limited liability company with a place of

16   business located at 15262 Connector Lane, Huntington Beach, CA 92649, in the

17   Southern Division of this District.  Formed in 2009, Jimmy Styks produces and

18   sells quality stand up paddleboards and accessories.  In 2010, based on its

19   experience with stand up paddleboards, Jimmy Styks filed for a patent relating to an

20   innovative handle/air vent combination in a floating board.  Jimmy Styks'

21   innovation resulted in an air vent for a floating board that was both more effective

22   and less expensive to produce.

23         5.      Upon information and belief, Defendant Hobie Cat Company, LLC is

24   a Missouri corporation with a principle place of business located at 4925 Oceanside

25   Blvd., Oceanside, CA 92956.

26         6.      Upon information and belief, Defendant Hobie Surfboards, LLC is a

27   California limited liability company with a principal place of business located at

28

1   32921 Calle Perfecto #B, San Juan Capistrano, CA 92675, in the Southern Division
2   of this District.

### THE PATENT-IN-SUIT

7.     On May 20, 2014, United States Patent No. 8,727,824 (the "'824 patent") entitled "Venting Apparatus for a Floating Board," was duly and lawfully issued by the U.S. Patent and Trademark Office.  A true and correct copy of the '824 patent is attached hereto as Exhibit A.

8.     Jimmy Styks is the assignee and owner of all right, title and interest in and to the '824 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for its infringement.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,727,824

9.     Jimmy Styks repeats and realleges the allegations of Paragraphs 1 through 8 as if fully set forth herein.

10.     Without license and authorization and in violation of 35 U.S.C. § 271(a), Defendants have infringed and continue to infringe at least claims 5 and 6 of the '824 patent by making, using, importing, offering for sale, and/or selling floating boards incorporating an infringing handle/vent combination, including but not limited to stand up paddleboards incorporating the Hobie H3 3:1 Integrated Handle.  On information and belief, at least the following Hobie stand up paddleboard models infringe the '824 patent: ATR-II, CMLB, Venture, CM Raw, Apex, Dura Glide, and Flatwater Race.

11.     Defendants' acts of infringement have caused, and will continue to cause, substantial and irreparable injury to Jimmy Styks for which there is no adequate remedy at law.  Jimmy Styks and Defendants compete in the market for stand up paddleboards.  If Defendants' wrongful conduct is not stopped, Jimmy Styks will be forced to compete against its own innovative technology.  On information and belief, Defendants have actively marketed their infringing products, including by providing a stand up paddleboard incorporating the H3 3:1

COMPLAINT

1    Integrated Handle to the Angels baseball team to publicly give to Derek Jeter as a

2    retirement gift.  On information and belief, this aggressive marketing of

3    Defendants' infringing product has caused Jimmy Styks to lose market share to

4    Defendants.  On information and belief, unless stopped, Defendants will continue to

5    deny Jimmy Styks its lawful right to exclude others from making, using, selling,

6    offering to sell, and importing products covered by one or more claims of the '824

7    patent.   The balance of hardships between Jimmy Styks and the Defendants weighs

8    in favor of an injunction in this matter.  Further, such an injunction would not

9    disserve the public interest.

10            12.    Shortly after the '824 patent issued, on June 20, 2014, Jimmy Styks

11   sent Defendants a cease-and-desist letter informing Defendants that certain of their

12   products infringed one or more claims of the '824 patent.  Defendants received and

13   have responded to that letter.  Accordingly, it is clear that Defendants are aware,

14   and have been for some time, of Jimmy Styks's position regarding Defendants'

15   infringement of the '824 patent.

16            13.    Upon information and belief, Defendants have not altered their

17   infringing conduct since receiving the cease-and-desist letter.

18            14.    Defendants' continued infringement of the '824 patent, despite their

19   awareness of that patent since at least as early as June 20, 2014, is objectively

20   reckless and willful.

21            15.    Jimmy Styks is entitled to recover from Defendants the damages

22   sustained by Jimmy Styks as a result of Defendants' infringement of the '824 patent

23   in an amount subject to proof at trial, which damages, by law, cannot be less than a

24   reasonable royalty, together with interest and costs.

25            16.    Jimmy Styks is further entitled to a preliminary injunction and

26   permanent injunction to prevent further irreparable harm caused by Defendants'

27   infringing conduct.

28

1

2

## PRAYER FOR RELIEF

3          WHEREFORE, Jimmy Styks requests that this Court enter judgment

4    against Defendants, granting Plaintiff Jimmy Styks the following relief:

5          A.    that this Court adjudge and decree that the '824 patent is valid and

6    enforceable against Defendants;

7          B.    that this Court adjudge and decree that Defendants have infringed and

8    continue to infringe the '824 patent;

9          C.    that this Court adjudge and decree that Defendants are enjoined from

10   carrying out further acts of infringement of the '824 patent;

11         D.    that this Court enter an award to Plaintiff Jimmy Styks of such

12   damages as it shall prove at trial against Defendant that are adequate to compensate

13   Jimmy Styks for said infringement, said damages to be no less than a reasonable

14   royalty together with prejudgment interests and costs;

15         E.    that this Court adjudge and decree that the Defendants' infringement

16   has been willful and award treble damages;

17         F.    that this Court render a finding that this case is "exceptional" and

18   award Jimmy Styks its costs and reasonable attorney's fees, as provided by 35

19   U.S.C. § 285; and

20         G.    that this Court grant Jimmy Styks any such other further and different

21   relief as may be just and proper.

22

## JURY DEMAND

23         Plaintiff Jimmy Styks demands a trial by jury for all matters to which it is

24   entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

25

26

27

28

COMPLAINT

1    Dated:        August 15, 2014              Respectfully submitted,

2                                              CHRISTINA VON DER AHE
                                               Orrick, Herrington & Sutcliffe LLP
3

4
                                               By:    /s/ Christina Von Der Ahe
5                                                     CHRISTINA VON DER AHE
                                                      Attorneys for Plaintiff
6                                                      Jimmy Styks LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT